IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 12-cv-00208-KD-C |
| | ) |
| CHARLES K. BRELAND, JR., | ) |
| | ) |
| Appellee. | ) |

## ORDER

This action is before the Court on the notice of appeal filed by the United States of America (docs. 1-3), the Appellant's brief filed by the United States (doc. 7), the Appellee's brief filed by Charles K. Breland, Jr.; and the United States' reply brief (doc. 14).

When reviewing a decision of the bankruptcy court, the district court sits as an appellate court. *See Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir.2000) (*per curiam*).  As such, "the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.  The district court must affirm the findings of fact made by the bankruptcy court unless they are clearly erroneous with regard "given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Id*.  However, conclusions of law are subject to *de novo* review by the district court. *In re Brown*, 303 F.3d 1261, 1265 (11th Cir. 2002); *In re Calvert*, 907 F.2d 1069, 1070 (11th Cir. 1990).

Upon review of the orders entered by the United States Bankruptcy Judge (doc. 3-2, p. 462-472; doc. 3-2, p. 473-483) and consideration of the parties' respective arguments, the Court finds that this action is due to be remanded to the United States Bankruptcy Court for further

proceedings as follows:

Upon remand, the Bankruptcy Court shall address the following issues:

1) Whether the Consent Order constitutes an adjudication of the claim of the IRS sufficient to override the *in re Gurwitch*, 794 F. 2d 584 (11th Cir. 1986) case rationale, and

2) Whether the tax debt of the debtor that the IRS asserts is owed, is a tax debt described in Section 523 of the Bankruptcy Code.

Accordingly, this action is remanded to the United States Bankruptcy Court for the Southern District of Alabama for further proceeding consistent with this Order. *See, e.g., Hage v. Salkin,* 2012 WL 718644, 4  (S.D. Fla. March 6, 2012) ("As the Bankruptcy Court has not heard argument on this issue, this Court remands the case because the Bankruptcy Court needs to make additional findings under the new law in order to require a foreclosure sale rather than a charging order.").

**DONE** and **ORDERED** this the 14th day of May, 2012.

       **/s / Kristi K. DuBose**
       **KRISTI K. DuBOSE**
       **UNITED STATES DISTRICT JUDGE**